George **VANDERLINDE** and John Vanderlinde, Plaintiffs,

v.

Gary **BROCHMAN**, Michael Jensen, John Doe 1 and John Doe 2, Defendants.

No. 92 C 836.

United States District Court, N.D. Illinois, E.D.

May 18, 1992.

---

Kenneth Flaxman, Robert A. Holstein, Robert S. Kipnis, Holstein, Mack & Klein, Chicago, Ill., for plaintiffs.

David Smolin, Smolin, Blum & Brandwein, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Gary Brockman (incorrectly identified as "Brochman" in the Complaint) and Michael Jensen have moved for summary judgment in this 42 U.S.C. § 1983 ("Section 1983") action brought by George and John Vanderlinde ("Vanderlindes"). Because Vanderlindes have not responded to the motion by filing a statement under this District Court's General Rule ("GR") 12(n) in response to the Brockman–Jensen GR 12(m) statement, although their counsel *have* tendered a short responsive memorandum in opposition to the Brockman–Jensen memorandum filed in support of their motion:

1. All the material facts set out in the Brockman–Jensen GR 12(m) statement are deemed admitted. That is hardly surprising, given the fact that for purposes of the Brockman–Jensen motion they have not disputed the factual allegations of Vanderlindes' Complaint.

2. Because the only issue between the parties in the current posture of the case is one of law rather than fact, the matter is ripe for decision.

Vanderlindes' Complaint (which Brockman and Jensen have effectively admitted for purposes of their motion) alleges a physical encounter between Vanderlindes on the one hand and Brockman and Jensen (both firefighters employed by the Village of Oak Lawn) on the other. According to the Complaint, Vanderlindes were comporting themselves peaceably in the Village of Oak Lawn when this sequence of events occurred:

4. At or about 10:00 p.m. on February 4, 1991, plaintiffs were walking on 52nd Avenue in the City of Oak Lawn, Illinois when John Vanderline [sic] walked into the side view mirror of a vehicle that was parked near the intersection of 98th Street and 50th Court. John inspected the mirror and observed that he had not caused any damage to it. John then readjusted the mirror and plaintiffs continued to walk on the public way.

5. As plaintiffs reached the intersection of 51st Avenue and 98th Street, they were accosted by defendants who displayed Oak Lawn Fire Department badges and represented that they were "the law in Oak Lawn."

6. After plaintiffs acquiesced in the above described show of official authority and without any provocation from plaintiffs or any other lawful justification, defendants began to beat and strike plaintiffs, causing each plaintiff to incur injuries to the person and undergo pain and suffering.

7. After beating and striking plaintiffs, one or more of defendants handcuffed plaintiff John Vanderline while one or more of the defendants held plaintiff George Vanderline on the ground.

That set of facts, if true, would state a cause of action under Illinois state law (just as Complaint Count II advances an Illinois common law claim of malicious prosecution stemming from the post-physical-encounter events). But all the parties are Illinois citizens, so that no diversity of citizenship exists, and hence Vanderlindes' only potential ticket of entry to this District Court rests on their ability to invoke federal-question jurisdiction under Section 1983.

On that score Vanderlindes' fatal deficiency lies in their inability to satisfy the "under color of law" requirement of Section 1983. Just because Brockman and Jensen may have proclaimed themselves as "the law in Oak Lawn" does not of course make it so, any more than similar statements by self-proclaimed vigilantes or those intent on terrorizing towns in the standard Western movie plot had no legal effect. And law enforcement is not of course the authorized role of firefighters, so that the usual Section 1983 scenario of law enforcement personnel who act in an

unlawful way—more accurately, an unconstitutional way—is not at issue here.

Even policemen or other law-enforcement personnel are not automatically subject to Section 1983 liability for their actions if those actions do not satisfy the "under color of law" requirement—see Sheldon Nahmod, *Civil Rights and Civil Liberties Litigation: The Law of Section 1983* § 2.09, at 83–84 (part of n. 3) (3d ed. 1991). And the fact that Brockman and Jensen had and exhibited badges evidencing their status as firefighters does not somehow convert them into the equivalent of off-duty law enforcement officers within the scope of the Section 1983 cases that find the "under color of law" requirement satisfied in some factual contexts.

Vanderlindes' counsel cite to cases that speak to general principles of Section 1983 jurisprudence—matters not in issue here that need no discussion—but to only one case as the purported support for Vanderlindes' claim, *Lopez v. Vanderwater*, 620 F.2d 1229 (7th Cir.1980).[1] But the sharp distinction between *Lopez* and this case is that there defendant Vanderwater had taken actions (albeit unconstitutional actions) *in his capacity as judge,* armed with the trappings of that office: He purported to arraign, convict and sentence Lopez to prison in an outrageous and wholly illegal way that must be read to be believed. In sum, he took the kinds of actions that are generally committed to the office of judge (sentencing for one), but he did so in an entirely unconstitutional manner.

Although our Court of Appeals ruled that Vanderwater was entitled to the absolute immunity accorded to judicial acts, however wrongful (620 F.2d at 1234–35), he was nonetheless held liable under Section 1983 for his inextricably intertwined actions as a de facto (though not de jure) prosecutor (*id.* at 1235):

The irregular arraignment, conviction, and sentence were not, however, the only acts of Vanderwater that proximately caused Lopez' injury. Vanderwater acted as prosecutor. He made the decision to prosecute. He determined the offense to be charged, originally contemplating criminal trespass and then deciding on theft of the key. He prepared a written charge on the "Notice to Appear" form. He caused Gamble to sign the blank complaint form and the next day had that form completed by the State's Attorney's staff. He prepared a guilty plea and waiver of jury and caused a signature, which he says was Lopez', to be placed thereon. Finally, Vanderwater presented the charge and plea form to himself with the expectation that it would be the basis for an unconstitutional conviction and sentence. These acts were not functions "normally performed by a judge." They were not, therefore, "judicial acts," and are not, as a consequence, protected by judicial immunity.

In consequence the Court of Appeals held (*id.* at 1236 (footnote containing proximate cause analysis omitted)):

Vanderwater's acts as a prosecutor were intended to make possible, and were an essential preliminary to, the series of wrongs that culminated in Lopez' illegal conviction and sentence.

Those actions were held to be "under color of law" because of that linkage (*id.* at 1237):

Vanderwater was able to take his prosecutorial acts because he was cloaked with the office of judge. His use of that office to prosecute Lopez was action under color of state law.

By total contrast, this opinion has already pointed out that law enforcement is no part of a firefighter's responsibility. Nothing about the office of fireman, the

---

1. As chance would have it, this Court has more than passing familiarity with the underpinnings of that case. When in the private practice of law, this Court included among its clients the Illinois Judicial Inquiry Board, which had retained this Court as its general counsel to provide it with legal advice and then to bring proceedings against Illinois state court judges be-

fore the Illinois Courts Commission after the Judicial Inquiry Board had voted complaints based on malfeasance in office. In that capacity this Court brought proceedings against then Associate Judge Vanderwater for his lawless activity, which resulted in his being removed by the Courts Commission from the office of Associate Judge.

office with which Brockman and Jensen were cloaked, either implies or facilitates their usurpation of law enforcement (for which in this case read "law-breaking") activities. Thus it is that our Court of Appeals has rejected Section 1983 liability for a state law enforcement officer who actually flashed his state-issued badge in a show of authority while he was actually acting pursuant to federal authority (*Askew v. Bloemker*, 548 F.2d 673, 677 (7th Cir.1976) ("But the mere assertion that one is a state officer does not necessarily mean that one is acting under color of state law")). And most recently our Court of Appeals has spoken in *Gibson v. City of Chicago*, 910 F.2d 1510, 1518–19 (7th Cir.1990) (emphasis in original) in a manner that, because the language might well have been written for this case, is worth quoting at great length:

> While it remains true that "[m]isuse of power, *possessed* by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law," *United States v. Classic*, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941) (emphasis supplied), one cannot misuse power that one no longer possesses. Mr. Gibson responds to this criticism by pointing to language in some of the cases that speak of acting under "pretense" of law. Mr. Gibson argues that this "pretense" language indicates that "the color of law requirement is met if the person whose conduct is being considered pretended to act as a police officer even though he was not in fact so acting." Appellant's Br. at 15–16 (citing *Williams v. United States*, 179 F.2d 656, 661 (5th Cir.1950), *aff'd*, 341 U.S. 97, 71 S.Ct. 576, 95 L.Ed. 774 (1951); *Crews v. United States*, 160 F.2d 746, 750 (5th Cir.1947)). While it is no doubt true that an officer who, motivated by personal animus, misuses his lawfully possessed authority to injure the plaintiff may be found to be acting under color or "pretense" of law, *Screws v. United States*, 325 U.S. 91, 111, 65 S.Ct. 1031, 1040, 89 L.Ed. 1495 (1945), we have found no authority for expanding this concept of "pretense" of law to encompass the actions of an official who possessed *absolutely no authority* to act but nonetheless assumed the position of an imposter in pretending that he did. In fact, *Screws*, the case most often cited as the fount of the "pretense" language, makes abundantly clear the distinction between, on the one hand, the misuse of power under pretense of law and, on the other, the actions of an officer who has no authority whatsoever to act. *Id.* In responding to criticism that the "misuse of power" formulation for "under color of law" was too broad and in contravention of Congress' true intent that "under color of law" should "include only action taken by officials pursuant to state law," the Court responded:

> > But those statements [regarding Congress' perceived intent] in their context are inconclusive on the precise problem involved in the *Classic* case and in the present case. *We are not dealing here with a case where an officer not authorized to act nevertheless takes action.* Here the state officers were authorized to make an arrest and to take such steps as were necessary to make the arrest effective. They acted without authority only in the sense that they used excessive force in making the arrest effective. *It is clear that under "color" of law means under "pretense" of law. Thus acts of officers in the ambit of their personal pursuits are plainly excluded.* Acts of officers who *undertake to perform their official duties* are included whether they hew to the line or overstep it. If, as suggested, the statute was designed to embrace only action which the State in fact authorized, the words "under color of any law" were hardly apt words to express the idea.

> *Id.* (emphasis supplied).

Accord, *Hughes v. Meyer*, 880 F.2d 967, 971–72 (7th Cir.1989).

Thus for Section 1983 purposes what the Complaint presents is a private brawl, in just the same way that a like encounter by Vanderlindes with the Mayor of Oak Lawn would have been a private dispute and not

one implicating the necessary state action. There is no genuine issue of material fact that would bear on the potential liability of Brockman and Jensen under Section 1983, and they are entitled to a judgment as a matter of law with respect to Count I of the First Amended Complaint. That being the case, Count II is dismissed for lack of subject matter jurisdiction, because it is no longer supplemental to any federal-question claim as 28 U.S.C. § 1367 would require (see *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966)). This action is dismissed in its entirety.